Fatimata SOW, Plaintiff–Appellant,

v.

Alberto GONZALES, Attorney General,
Respondent–Appellee.

No. 03–3078.

United States Court of Appeals,
Sixth Circuit.

July 14, 2005.

Michael G. Moore, Springfield, MA, for
Plaintiff–Appellant.

Genevieve Holm, Terri J. Scadron, U.S.
Department of Justice, Office of Immigra-
tion Litigation, Washington, DC, for Re-
spondent–Appellee.

Before: NORRIS and DAUGHTREY,
Circuit Judges; JORDAN, District
Judge.*

## MEMORANDUM OPINION

PER CURIAM.

Petitioner Fatimata Sow, a citizen of
Mauritania, appeals the denial of her appli-
cation for withholding of removal or, in the
alternative, for asylum.

This court has carefully reviewed the
briefs of the parties and the administrative
record developed below. As with many of
the applications for withholding of removal
and asylum reviewed by this court, peti-
tioner has established that she has suf-
fered hardships in her native land. How-
ever, the immigration judge concluded
that, despite the adversity that she has
encountered, petitioner had not met "the

burden imposed on her to establish eligi-
bility for asylum, [and] perforce she has
not met the burden required of her to
demonstrate eligibility for withholding of
removal." Oral Decision, September 24,
1998 at 16. The Board of Immigration
Appeals (the "Board") summarily affirmed
the decision of the immigration judge with-
out opinion on December 16, 2002.

When reviewing the denial of an asylum
request or withholding of removal, we ap-
ply the following standard:

The Board's determination "must be up-
held if 'supported by reasonable, sub-
stantial, and probative evidence on the
record considered as a whole.'" *INS v.
Elias–Zacarias,* 502 U.S. 478, 481, 112
S.Ct. 812, 117 L.Ed.2d 38 (1992) (quot-
ing 8 U.S.C. § 1105a(a)(4)). Under this
deferential standard, we may not re-
verse the Board's determination simply
because we would have decided the mat-
ter differently. *Mikhailevitch v. INS,*
146 F.3d 384, 388 (6th Cir.1998); *Klaw-
itter v. INS,* 970 F.2d 149, 151–52 (6th
Cir.1992). In order to reverse the
Board's factual determinations, we must
find that the evidence "not only supports
a contrary conclusion, but indeed com-
pels it." *Klawitter,* 970 F.2d at 152.
The Supreme Court has explained that
the appropriate inquiry is whether the
evidence "was such that a reasonable
factfinder would have to conclude that
the requisite fear of persecution exist-
ed." *Elias–Zacarias,* 502 U.S. at 481,
112 S.Ct. 812, 117 L.Ed.2d 38.

*Koliada v. INS,* 259 F.3d 482, 486 (6th
Cir.2001). In this particular case, because
the Board affirmed the immigration judge
without opinion, we review the immigra-
tion judge's decision as the "final agency

---

* The Honorable R. Leon Jordan, United States
District Judge for the Eastern District of Ten-
nessee, sitting by designation.

determination." 8 C.F.R. § 3.1(a)(7)(iii) (2002).

While petitioner has come forward with evidence of hardship, we cannot say that it compels a contrary conclusion to that reached by the immigration judge whose oral decision explained why he discounted certain aspects of petitioner's testimony before concluding that she had failed to establish eligibility for asylum or withholding of removal.

The oral decision of the immigration judge and adopted by the Board is **affirmed**.